United States District Court
Southern District of Texas
FILED

MAR 1 3 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RUBEN VELA | § | |
|     *Plaintiff* | § | |
| | § | |
| vs. | § | |
| | § | |
| HACIENDA RECORDS AND | § | |
| RECORDING STUDIO, INC. and | § | |
| HACIENDA RECORDS, L.P. | § | |
|     *Defendants* | § | CIVIL ACTION NO. B-00-035 |
| | § | |
| CROWN RECORDS AND | § | |
| PUBLISHING, INC. | § | |
|     *Intervenor, Third-Party Plaintiff* | § | |
| vs. | § | |
| | § | |
| HACIENDA RECORDS AND | § | |
| RECORDING STUDIO, INC. | _§ | |
|     *Defendant* | § | |

## PLAINTIFF'S AND INTERVENOR'S MOTION TO SEVER AND REMAND

Plaintiff, Ruben Vela and Intervenor and Third-Party Plaintiff, Crown Records and

Publishing, Inc. ("Crown") file this, their motion to sever and remand and in support of their motion,

show the following:

### A. Introduction.

1.    Ruben Vela, as songwriter, claims copyright infringement against Hacienda Records

and Recording Studio, Inc. ("Hacienda, Inc.") and Hacienda Records, L.P. ("Hacienda, L.P.").

Ruben Vela, as recording artist, seeks a declaratory judgment and claims fraudulent inducement and

other state law claims against Hacienda, Inc. and Hacienda, L.P.  Ruben Vela's copyright

infringement claim is separate and independent from his state law claims.  Furthermore, Crown has

only state law claims against Hacienda, Inc. and Hacienda, L.P.  The state law claims should be

remanded.

C0024893.WPD:

## B. Parties

2.     An understanding of the parties and their roles in this case is essential to understanding which state law claims are separate and independent from the federal question copyright claim.  Ruben Vela is a recording artist who signed several recording agreements with Hacienda, Inc.  Hacienda, Inc. is a record company.  The last contract between Hacienda, Inc. and Ruben Vela was signed by Ruben Vela on October 5, 1997.  Hacienda, Inc. sold all its assets to Hacienda, L.P. in October, 1999.  Ruben Vela has claims against Hacienda, Inc. and Hacienda, L.P. seeking a declaratory judgment regarding the perpetual right of first refusal in his 1997 contract.  He also has claims for fraudulent inducement and other state law causes of action.

3.     Crown is a record company.  On December 9, 1999, Ruben Vela signed a recording contract with Crown.  Crown has claims against Hacienda, Inc. and Hacienda, L.P. for declaratory judgment regarding the perpetual right of first refusal provision in their 1997 contract with Ruben Vela.  Crown also alleges tortious interference with prospective contractual relations against Hacienda, Inc. and Hacienda, L.P.

4.     Ruben Vela is also a songwriter.  Throughout the years, Ruben Vela has written songs published by Hacienda, Inc. and, just recently, Hacienda, L.P.  Ruben Vela does not have a publishing agreement with Hacienda, Inc. or Hacienda, L.P.  Ruben Vela has never received mechanical royalties from Hacienda, Inc. or Hacienda, L.P. for any of the songs he wrote that were published by them.  His action for infringement as a songwriter is separate from his state law claims as a recording artist.

## C. Facts

5.     Over the last ten years, Ruben Vela recorded approximately ten albums for Hacienda, Inc.  On October 5, 1997, Ruben Vela signed a Recording Master Purchase Agreement with Hacienda, Inc. which is attached as Exhibit A.  Hacienda, Inc. and Hacienda, L.P. claim that this

C0024893.WPD:                                        -2-

ClibPDF - www.fastio.com

Agreement grants them a perpetual right of first refusal for all future recording contracts with Ruben Vela in perpetuity. Ruben Vela disputes this claim with three major arguments:

   a.    Ruben Vela was fraudulently induced into signing the 1997 contract. On the evening he finished recording the album, Hacienda, Inc. presented him with a piece of paper they told him he must sign in order to be paid. The paper was not a receipt for being paid, but was instead Exhibit A, granting Hacienda, Inc. allegedly perpetual rights.

   b.    This contract was unenforceable because it was unconscionable. Ruben Vela was paid a flat fee of $3,000 for an album that sold approximately 100,000 units. Hacienda, Inc. received profits of approximately $500,000 for this album. There are no provisions for royalty and the Agreement is grossly unfair. Ruben Vela should receive a fair value for his services.

   c.    Hacienda, Inc. failed to properly exercise the right of first refusal described in Exhibit A. After beginning negotiations with Crown, Ruben Vela provided Hacienda, Inc. with a copy of Crown's acceptable offer. Crown's offer included a two-album recording contract. Hacienda Records, L.P., a different entity, responded with an offer of a one-album deal. This action did not properly exercise the right of first refusal in Exhibit A.

In his petition, Ruben Vela has asserted state law claims of fraudulent inducement, unconscionability, and tortious interference with prospective contractual relationships.

   6.    In the fall of 1999, Hacienda, Inc. learned that Ruben Vela was negotiating with Crown for a new recording contract. Through letters and personal visits, Hacienda, Inc. and Hacienda, L.P., wrongfully interfered with Crown's prospective contractual relationship with Ruben Vela. In November 1999, Ruben Vela filed a declaratory judgment action in Cameron County, on the narrow issue of whether or not Hacienda, Inc.'s perpetual right of first refusal was enforceable

C0024893.WPD:                                    -3-

and whether it was properly exercised. In December 1999, Hacienda, L.P. sent a $5,000 check along with papers to sign directly to Ruben Vela without advising his attorney.

7.      When it was clear that Hacienda, L.P. was not going to let a court decide the parties contractual rights, Crown signed Ruben Vela to a recording contract and intervened in the Cameron County lawsuit also seeking declaratory judgment regarding Hacienda, L.P.'s rights to prevent Ruben Vela from recording with Crown.

8.      On January 12, 2000, Hacienda, Inc. and Hacienda, L.P. answered and moved to transfer venue. On February 11, 2000, Ruben Vela amended his petition to include claims for fraudulent inducement, quantum meruit, and tortious interference with prospective contract. In addition, Ruben Vela, as songwriter, also brought a copyright infringement claim against Hacienda, Inc. and Hacienda, L.P.

9.      On February 11, 2000, Crown amended its petition to comply with the special exceptions of Hacienda, Inc. and Hacienda, L.P. by narrowing its requested declaratory relief. Crown also added a claim for affirmative relief for tortious interference with prospective contract.

10.      On February 25, 2000, Defendants removed this case to federal court. On Wednesday, March 1, 2000, Crown received a copy of the notice of removal. On Thursday, March 2, 2000, Ruben Vela received a copy of the notice of removal.

## D. Arguments and Authorities

11.      The district court has the discretion to remand Ruben Vela's and Crown's state law claims. 28 U.S.C. §1441(c). Ruben Vela's claim as a songwriter for copyright infringement is completely separate from his claims as a recording artist for declaratory judgment, fraudulent inducement and quantum meruit. Furthermore, the state law claims by Crown have no federal question and only state law controls. Removal statutes are to be construed strictly against removal and for remand. *Eastus v. Blue Bell Creameries,* 97 F.3d 100, 106 (5th Cir. 1996). Furthermore, it

C0024893.WPD:                                      -4-

was Congress's intent to restrict, rather than to expand, removal jurisdiction by amending §1441(c) in 1990. *Id.* This court should remand the state law claims.

12.     For a remand order to be proper, the remanded claims must be:

    (1)     separate and independent claim or cause of action;

    (2)     joined with a federal question;

    (3)     otherwise non-removable; and

    (4)     a matter in which state law predominates.

*Eastus,* 97 F.3d at 104. The state law claims by Vela and Crown plainly meet the second and third elements. Ruben Vela did make a copyright claim. The copyright claim provides federal question jurisdiction. Also, none of the other claims by Plaintiff or Crown are removable on the basis of diversity or federal question.

13.     The state law claims by Ruben Vela and Crown also meet the first and fourth elements. Claims arising from separate wrongs are separate and independent. *American Fire & Casualty Company vs. Finn*, 341 U.S. 6, 14, 71 S. Ct. 534, 540 (1951). The claims of Ruben Vela and Crown for declaratory judgment of the 1997 right of first refusal and its exercise are separate from the songwriter's copyright infringement case. Crown's claim for tortious interference with prospective contract is also different, because it addresses the loss of profits because of the delay in being able to record Ruben Vela's album. The fraudulent inducement claim is separate because it addresses Ruben Vela's consequential damages for relying on Hacienda, Inc.'s misrepresentations. The statutory damages available under federal copyright law are completely different from the other damages claimed by Plaintiff.

14.     The state law claims meet the fourth element because they are matters in which state law predominates. In fact, none of the elements of Ruben Vela's or Crown's state law claims overlap factually or legally with the elements of Ruben Vela's copyright infringement claim. To

C0024893.WPD:                                                    -5-

prevail on a copyright infringement claim, Ruben Vela must prove "(1) ownership of the asserted copyrights, and (2) "copying" by [the defendants]" *Playboy Enterprises, Inc. v. Webbworld, Inc.,* 991 F. Supp. 543, 550 (N.D. Tex. 1997); *see Lakedreams v. Taylor,* 932 F.2d 1103, 1107 (5th Cir. 1991)(stating the plaintiff must show ownership and copying by the defendant). Ruben Vela's songwriter's copyrights are not addressed in any way in the Recording Master Purchase Agreement. (Exhibit A) Therefore, the declaratory judgment action regarding the Recording Master Purchase Agreement has no overlap with Ruben Vela's songwriter copyright claim. Furthermore, none of the elements of Ruben Vela's fraudulent inducement,[1] quantum meruit,[2] or tortious interference[3] overlap either. Of course, Crown is not a party to the songwriter's infringement claim and its tortious interference claim is wholly separate from the copyright claim.

15.     The situation of Ruben Vela and Crown is not unlike that of the plaintiff in *Eastus v. Blue Bell Creameries, L.P.,* 97 F.3d 100 (5th Cir. 1996). In *Eastus*, the plaintiff claimed violations of the FMLA as well as intentional infliction of emotional distress and tortious interference with

---

[1]The elements of fraudulent inducement are:
(1) a material misrepresentation;
(2) which was false,
(3) which was either known to be false when made or was asserted without knowledge of the truth,
(4) which was intended to be acted upon,
(5) which was relied upon, and
(6) which caused injury.
*De Santis v. Wackenhut Corp.,* 793 S.W.2d 670, 688 (Tex. 1990); *See Carr v. Christie,* 970 S.W. 2d, 620,    (stating fraudulent inducement is a simple fraud claim).

[2]To recover under quantum meruit a claimant must prove that:
(1) valuable services were rendered or materials furnished;
(2) for the person sought to be charged;
(3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him;
(4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged.
*Vortt Exploration Company, Inc. v. Chevron U.S.A., Inc.,* 787 S.W.2d 942, 944 (Tex. 1990).

[3]"The elements of tortious interference with prospective contract are:
(1) a reasonable probability that the parties would have entered into a contractual relationship,
(2) and intentional and malicious act by the defendant that prevented the relationship from occurring,
(3) the defendant lacked the privilege or justification to do the act, and
(4) actual harm or damage resulted from defendant's interference.
*Texas Oil Co. v. Tenneco Inc.,* 917 S.W.2d 826, 831 (Tex. App.–Houston [14th Dist.] 1994, ___).

prospective contractual relationships. The court found that although the FMLA claim established federal question jurisdiction, the court properly remanded the tortious interference claim. The wrong suffered for the FMLA claim and the intentional infliction claim was loss of prior employment. These were separate from the wrong suffered for the tortious interference claim which was loss of future employment. "Section 1441(c) authorized the district court to remand the tortious interference claim." *Id. At 106-107.*

16.     Defendants may make some argument that because the parties are identical in the federal question and state law claims, that the entire case should remain in federal court. However, this argument neglects the danger that the federal court may not even have subject matter jurisdiction over the separate state law claims. The jurisdiction of the federal courts under Article 3 is limited to a single case or controversy. Unrelated state law claims should be remanded to state court. See *Cedillo v. Valcar Enterprises*, 773 F. Supp. 932, 935 n. 3 (N.D. Tex. 1991)(suggesting "a nonremovable claim so completely separate and independent as to comply with § 1441(c) may not be a case within the meaning of Article III of the Constitution").

17.     Finally, 28 U.S.C. 1367 does not provide any additional authority for the state law claims remaining in federal court. This Court should remand all claims except for the infringement claim.

THEREFORE, Plaintiff, Ruben Vela, and Intervenor, Crown Records and Publishing, Inc., request that this Court sever Ruben Vela's copyright claim from the remaining claims in this case and remand all but the copyright claim to state court.

Respectfully submitted,

FLEMING & OLVERA
Suite 102, 1650 Paredes Line Road
Brownsville, Texas  78521-1567
Telephone:  (956)982-4404
Facsimile:  (956)982-0943

By: _____
    Mr. Luis Hernandez
    State Bar No. 09518900

ATTORNEYS FOR RUBEN VELA

MATTHEWS & BRANSCOMB
A Professional Corporation
802 N. Carancahua, Suite 1900
Corpus Christi, TX 78470-0700
Telephone:  (361)888-9261
Telecopier:  (361)888-8504

By: _____
    James T. Clancy
    State Bar No. 00795292

ATTORNEYS FOR CROWN RECORDS AND
PUBLISHING, INC.

ClibPDF - www.fastio.com

## CERTIFICATE OF SERVICE

I certify that the foregoing was forwarded to counsel of record, as indicated below by certified mail, return receipt requested on ___March 10, 2000___, pursuant to *Tex. R. Civ. P.*

Mr. Roland Garcia, Jr.
Locke Liddell & Sapp, LLP
3400 Chase Tower
600 Travis Street
Houston, Texas  77002-3095
Facsimile:  (713)223-3717

Luis Hernandez

C0024893.WPD:                                    -9-